**The Pride Law Firm**
Dante T. Pride, Esq. (SBN: 262362)
dpride@pridelawfirm.com
2831 Camino Del Rio S., Ste. 104
San Diego, CA 92108
Telephone:  619-516-8166
Fax:  619-785-3414

Attorney for Kyle Miholich

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kyle Miholich,<br>Individually and on Behalf<br>Of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>iConcept MD Contact Solutions, Inc.;<br>DOES 1-10, inclusive, ABC<br>CORPORATIONS 1-10,<br>ZYZ, LLC's 1-10<br><br>          Defendants. | Civil Case No. 3:17cv02240 WQH JMA<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227, ET SEQ.**<br><br><u>DEMAND FOR JURY TRIAL</u> |

## INTRODUCTION

1.     Kyle Miholich ("Plaintiff"), by and through his attorneys, brings this

Class Action Complaint for damages, injunctive relief, and any other available

legal or equitable remedies, resulting from the illegal actions of Defendants

ICONCEPT MD CONTACT SOLUTIONS, INC. and DOES 1-10, hereinafter

COMPLAINT - 1

1  "Defendants" in negligently or intentionally contacting Plaintiff on Plaintiff's
2  cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.
3  C. §227 et seq., ("TCPA"), thereby seriously invading Plaintiff's privacy.  Plaintiff
4  alleges as follows, upon personal knowledge as to himself and his own acts and
5  
6  experiences, and, as to all other matters, upon information and belief, including
7  investigation conducted by his attorneys.
8  
       2.     In enacting the TCPA, Congress intended to give consumers a choice
9  
10 as to how creditors and telemarketers may call them, and made specific findings
11 that "[t]echnologies that might allow consumers to avoid receiving such calls are
12 not universally available, are costly, are unlikely to be enforced, or place an
13 inordinate burden on the consumer.  TCPA, Pub.L. No. 102-243, § 11.
14 
15 Toward this end, Congress found that

16        [b]anning such automated or prerecorded telephone calls to the home, except
          when the receiving party consents to receiving the call or when such calls
17        are necessary in an emergency situation affecting the health and safety of the
          consumer, is the only effective means of protecting telephone consumers
18        from this nuisance and privacy invasion.
19 
20 *Id.* at § 12*; see also* Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL
   3292838, a*4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's
21 purpose).
22 
       3.     Congress also specifically found that "the evidence presented to the
23 
24 Congress indicates that automated or prerecorded calls are a nuisance and an
25 invasion of privacy, regardless of the type of call..." Id. At §§ 12-13.  See also,

COMPLAINT - 2

*Mims,* 132 S. Ct. At 744. Plaintiff alleges that the call from Defendants was dialed by an automatic telephone dialing system (ATDS). Plaintiff never granted Defendants permission to solicit through telemarketing with an ATDS or otherwise.

4. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act...is well known for It's provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often Are billed by the minute as soon as the call is answered--and Routing a call to voicemail counts as answering the call. An Automated call to a landline phone can be an annoyance; an Automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

**JURISDICTION AND VENUE**

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227, et seq; *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740 (2012).

6. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

COMPLAINT - 3

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the County of San Diego, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant iConcept MD Contact Solutions, Inc. is, and at all times mentioned herein was, a corporation whose state of incorporation is in the State of Nevada and its principal place of business is in the State of Nevada, with an operating address of 561 Keystone Avenue, Suite 429, Carson City, NV 89503.

9. Plaintiff alleges that at all times relevant herein Defendants conducted business in the State of California and in the County of San Diego, and within this judicial district.

10. The true names and capacities of defendants sued herein as Does 1 through 10, inclusive, are presently not known to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek to amend this Complaint pursuant to Federal Rule of Civil Procedure 15 and include Doe defendant's true names and capacities when they are ascertained. Each of the factiously named defendants is responsible in some manner for the conduct alleged herein and for the injuries suffered by Plaintiff and the proposed class as a result of defendant's wanton and illegal conduct.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was domiciled in and a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

12. On September 3, 2017, Defendants called Plaintiff on Plaintiff's cell phone number 760-845-5823 from 760-269-4382 in an attempt to induce Plaintiff to attend a timeshare sales presentation.

13. All Defendants named herein are vicariously liable for the acts and actions of its agents for violating the TCPA. See *Gomez vs. Campbell-Ewald Co.*, 768 F.3d 871 (2014), upheld by US Supreme Court on January 20, 2016, 136 S.Ct. 663 (2016).

14. The harm and injury in this matter is not divorced from the TCPA violations. Rather, it is because of the TCPA violations (illegal solicitation call to cellular phones with an ATDS) that Plaintiff has suffered an invasion of privacy, additional phone charges, lost minutes on phone plan and additional utility bills.

15. Defendants failed to provide Plaintiff a written copy of its do not call policy, even after Plaintiff's express demand.

16. Plaintiff lost time at work while having to answer the solicitation call of Defendants and thus Plaintiff has lost income that could have been earned working instead of wasted time on the sale call in order to ascertain the identity of

the telemarketer. Each Class member also lost time answering Defendant's illegal telemarketing calls and thus each Class member has the same or similar concrete injury.

17. Defendants failed to properly scrub their telemarketing lead lists against the national do not call registry in order to delete and redact protected numbers like Plaintiff's cell phone.

18. Plaintiff suffered concrete injury as a result of the fact of the solicitation call and not necessarily based on the manner or method in which the call was actually dialed.

19. At all times relevant Defendants purposefully availed themselves of the benefits and protections of California law as well as conducted business in the State of California and in the County of San Diego, within this judicial district.

20. At no time has Plaintiff ever provided Defendants with his cellular telephone number.

21. The calls Defendants placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(b)(1)(A). Plaintiff never granted permission to Defendants or their agents to call Plaintiff with an ATDS.

22. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

23. The telephone number that Defendants, or their agents, called were assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1) as well as incurred a serious and significant depletion of his phone battery which forced Plaintiff to have to pay for the electricity to recharge his phone. Additionally, Plaintiff could not use his phone while it was being recharged due to the battery depletion suffered by Plaintiff as a legal and proximate cause of Defendants wrong actions.

24. This telephone call constituted a calls that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i) and said call was a serious annoyance and invasion of Plaintiff's privacy rights.

25. Plaintiff is neither a subscriber nor client of Defendants' services, has never contacted Defendants, nor provided Defendants with his personal information or cellular telephone number. Thus, at no time did Plaintiff provide Defendants or their agents with prior express consent to receive unsolicited telephone calls, pursuant to 47 U.S.C. § 227 (b)(1)(A).

26. These telephone calls by Defendants, or its agents, violated 47 U.S.C. § 227(b)(1) and were for the purpose of telemarketing and solicitation of business.

## STANDING

27. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

COMPLAINT - 7

     i.   A valid injury in fact;

     ii.   which is traceable to the conduct of Defendants;

     iii.   and is likely to be redressed by a favorable judicial decision.

See, *Spokeo, Inc. v. Robins*, 578 U.S.____(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiffs must clearly allege facts demonstrating all three prongs above.

    A. The "Injury in Fact" Prong

    Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.)*. For an injury to be "concrete" it must be a de facto injury, meaning that it actually exists. In the present case, Plaintiff was called on his cellular phone by Defendants. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry (hereinafter, "DNC Registry"). As well, Plaintiff had no prior business relationship with Defendants prior to receiving the seriously harassing and annoying calls. All of Plaintiff's injuries are concrete and de facto. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc.*

*v. Robins, 578 U.S. \_\_\_ (2016)* at 7. In the instant case, it was Plaintiff's phone that was called and it was Plaintiff himself who answered the calls. It was Plaintiff's personal privacy and peace that was invaded by Defendant's phone call using an ATDS; despite Plaintiff having no prior business relationship with Defendants and Plaintiff's attempt to avoid the damage by registering his number on the DNC Registry. Finally, Plaintiff alone is responsible to pay the bill on his cellular phone and to pay the bill for his electric utility company kilowatt-hour power usage. All of these injuries are particularized and specific to Plaintiff, and will be the same injuries suffered by each plaintiff separately.

    B.  The "Traceable to the Conduct of Defendants" Prong

The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that his injury is traceable to the conduct of Defendants. In the instant case, this prong is met by the fact that the call to Plaintiff's cellular phone was placed either by Defendants directly, or by Defendant's agent at the direction of Defendants.

    C.  The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief include a request for

damages for each call made by Defendants, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff. Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendants from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue Defendants on the stated claims.

> "…[C]ourts in the Ninth Circuit have held that "allegations of nuisance and invasions of privacy in TCPA actions are concrete" injuries that establish standing. See *Mbazomo v. ETourandtravel, Inc*., 16-CV-2229-SB, 2016 U.S. Dist. LEXIS 170186, 2016 WL 7165693, at *2 (E.D. Cal. Dec. 8, 2016); *Cabiness v. Educ. Fin. Sols., LLC*, 16-CV-1109-JST, 2016 U.S. Dist. LEXIS 142005, 2016 WL 5791411, at *5 (N.D. Cal. Sept. 1, 2016); *Juarez v. Citibank, N.A*., No. 16-CV-1984-WHO, 2016 U.S. Dist. LEXIS 118483, 2016 WL 4547914, at *3 (N.D. Cal. Sept. 1, 2016); *Hewlett v. Consolidated World Travel, Inc.*, 16-713 WBS AC, 2016 U.S. Dist. LEXIS 112553, 2016 WL 4466536, at *2 (E.D. Cal. Aug. 23, 2016); *Cour v. Life360, Inc*., 16-CV-00805-TEH, 2016 U.S. Dist. LEXIS 98945, 2016 WL 4039279, at *2 (N.D. Cal. July 28, 2016); *Booth v. Appstack, Inc*., No. 13-1553JLR, 2016 U.S. Dist. LEXIS 68886, 2016 WL 3030256, at *7 (W.D. Wash. May 25, 2016). In *Mbazamo*, the court held that a violation of the TCPA represents a concrete injury because "[t]he history of sustaining claims against both unwelcome

intrusion into a plaintiff's seclusion and unceasing debt-collector harassment are squarely 'harm[s] that [have] traditionally been regarded as providing a basis for a lawsuit.'" Mbazomo, 2016 U.S. Dist. LEXIS 170186, 2016 WL 7165693, at *2 (quoting *Spokeo*, 136 S.Ct. at 1549-50). The court declined to follow Romero, explaining that Romero "improperly erodes the pleading standard set under Fed. R. Civ. P. 8(a) . . . . A plaintiff [need only] plausibly tie the alleged acts of the defendant to the alleged harms suffered." Id.

Similarly, in *Cabiness*, the court held that a violation of the TCPA represents a concrete injury because "[e]very unconsented call through the use of an ATDS to a consumer's cellular phone results in actual harm: the recipient wastes her time and incurs charges for the call if she answers the phone, and her cell phone's battery is depleted even if she does not answer the phone . . . . unsolicited calls also cause intangible harm by annoying the consumer." *Cabiness*, 2016 U.S. Dist. LEXIS 142005, 2016 WL 5791411, at *5 (internal citations omitted). And in *Juarez*, the court held that the plaintiff's allegation "that he received repeated unwanted calls that caused him aggravation, nuisance, and an invasion of privacy, is sufficient to allege a 'concrete' and 'particularized' injury that establishes standing under *Spokeo*." *Juarez*, 2016 U.S. Dist. LEXIS 118483, 2016 WL 4547914, at *3.

*Messerlian v. Rentokil N. Am., Inc.* (C.D.Cal. Dec. 15, 2016, No. CV 16-6941-GW (GJSx)) 2016 U.S.Dist.LEXIS 175224, at *7-8.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

COMPLAINT - 11

29. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call/s From Defendants or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.

30. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

31. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

32. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the

right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

33. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

34. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a) Whether, within the four years prior to the filing of the Complaint, Defendants made any call/s (other than a call made for emergency purposes or made with the prior express consent of the called party) to the Class members using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

b) Whether Defendants can meet their burden of showing they obtained prior express consent (i.e., consent that is clearly and unmistakably stated);

c) Whether Defendants conduct was knowing and/or willful;

d) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

e) Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

35. As a person that received at least one telephonic communication from Defendants' ATDS without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class as the Plaintiff has no interests antagonistic to any member off the Class.

36. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

37. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

38. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce

Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

39. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

## NEGLIGENT VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT (TCPA)

## 47 U.S.C. 227

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

42. As a result of Defendants negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

## 47 U.S.C. 227

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

46. As a result of Defendants knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and The Class Members pray for judgment as follows:

- Certifying the Class as requested herein;
- Providing such further relief as may be deemed just and proper.
- For an injunction prohibiting Defendants from violating the TCPA in the future.

In addition, Plaintiff and The Class Members pray for further judgment as follows:

## COUNT I FOR NEGLIGENT VIOLATIONS OF
## THE (TCPA), 47 U.S.C. 227 ET. SEQ.

- As a result of Defendants negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## COUNT II FOR KNOWING/WILLFUL VIOLATION OF

## THE (TCPA), 47 U.S.C. 227 ET. SEQ.

- As a result of Defendants knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

48.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**The Pride Law Firm**

Dated this 28th day of November, 2018

/S/ *Dante T. Pride*
Dante T. Pride, Esq.
Attorney for Plaintiff
KYLE MIHOLICH

**CERTIFICATION OF WORD COUNT**

I, Dante Pride, hereby certify that, according to the computer program used to prepare this document, Complaint, contains 3,917 words.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on this 28th day of November, 2018, in San Diego, California.

/s/ *Dante T. Pride*
Dante T. Pride
Attorney for Plaintiff
KYLE MIHOLICH

# CERTIFICATE OF SERVICE

I DECLARE THAT:

I am employed in the City and County of San Diego, California. I am a citizen of the United States, over the age of eighteen, and not a party to this action. My business address is 2831 Camino Del Rio S., Ste. 104, San Diego, California 92108.

On the 28th day of November, 2018, I served the below described documents: **PLAINTIFF'S COMPLAINT FOR DAMAGES:**

> On the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.
>
> To: Chad R. Fuller, Troutman Sanders LLP, 11682 El Camino Real, Suite 400, San Diego, CA 92130 counsel for Defendant iConcept MD Contact Solutions, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of November, 2018 in San Diego, California.

                                            /s/ ***Dante T. Pride***
                                            DANTE T. PRIDE